# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

JOSEPH LOMASCOLO, *et al.*

        Plaintiffs,

    v.

ALLTECH, INC., *et al.*

        Defendants.

Case No.:  1:08-cv-1310-AJT-JFA

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S "AMENDED MOTION AND MOTION REQUESTING VOLUNTARY DISMISSAL BY CERTAIN PLAINTIFFS"

Theresa Burke Wright, (VSB No. 30770)
Andrew S. Cabana, (VSB No. 48151)
Kara M. Ariail (VSB No. 46817)
Jackson Lewis LLP
10701 Parkridge Boulevard, Suite 300
Reston, VA 20191

Paul J. Siegel, (Admitted *Pro Hac Vice*)
Wendy J. Mellk (Admitted *Pro Hac Vice*)
JACKSON LEWIS LLP
58 S. Service Road, Suite 410
Melville, New York 11747
Telephone:  (631) 247 0404
Facsimile:  (631) 247 0417

*Counsel for the Defendants ALLTECH, Inc. and PARSONS BRINCKERHOFF INC.*

Defendants Parsons Brinckerhoff Inc. ("PBI") and ALLTECH, Inc. ("ALLTECH"), both of which collectively are referred to as "Defendants", by their counsel, submit this Memorandum in Opposition to Plaintiff's motion entitled "**NOTICE OF AMENDED MOTION AND MOTION REQUESTING VOLUNTARY DISMISSAL BY CERTAIN PLAINTIFFS**" ("Motion") and seek denial of that unfounded Motion. (See Docket Entries 214-216). Additionally, Defendants oppose the untimely requests to withdraw of opt-in Plaintiffs Everett Sharp, Joy Sharp, Thomas Cavnar, Kassandra I. Evans, Ben Ryan, Robert Evans, Richard Coe and Robert Hitchcock (collectively, "Requests"). (See Docket Entries 198; 205 - 212), and rebut herein (as Defendants already did in submissions to Magistrate Anderson) the unfounded objections to Judge Anderson's June 23, 2009 Proposed Findings of Fact and Recommendations (See Docket Entry 203, the "June 23 Order") set forth in those Requests.[1]

## INTRODUCTION

Plaintiff Lomascolo's Motion seeks dismissal <u>without prejudice</u> of his own Fair Labor Standards Act ("FLSA") claims (and those of eight other opt-in Plaintiffs). This Motion simply is his latest effort to avoid the lawfully binding – and eminently fair and reasonable – settlement of this FLSA collective action overtime case. The Settlement Agreement was reached months ago and was executed by Lomascolo himself. Magistrate Anderson has recommended its approval, along with entry of an order by this Court holding that the Settlement Agreement is legally binding on all current Plaintiffs, including Lomascolo.[2] Even though this lawsuit has

---

[1] As noted in previous briefing, the deadline to object to or opt-out of the settlement of this matter was set by the Court as June 10, 2009. See Docket Entry 168; <u>see also</u> Docket Entry 195 at fn. 1 (objecting to previous untimely objections).

[2] As noted in Plaintiff's "**MEMORANDUM IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR VOLUNTARY DISMISSAL**", other individuals who previously had opted-in to this case were permitted to withdraw their claims without prejudice. See Docket Entry 215 at p. 1-2. For reasons explained in detail herein,

been litigated extensively, and resolved via a Court-supervised, arms-length settlement process, the Motion now seeks leave to abandon this FLSA lawsuit by the named Plaintiff and group of inspectors who wish to be called "employees" under statutes wholly unrelated to the FLSA – long after any appropriate juncture for doing so has passed.  The reason appears obvious – Plaintiff Lomascolo (and a handful of opt-in Plaintiffs) wish to file a wholly redundant and duplicative lawsuit.  Since such a result cannot be condoned, the Motion and opt-out Requests all should be rejected.

Plaintiff's continued efforts to stymie settlement apparently are based on the fervently-held, but mistaken, belief of Named Plaintiff Joseph Lomascolo ("Lomascolo") and a handful of opt-in Plaintiffs that this case is about something other than alleged overtime wages due under the FLSA for the period from January 1, 2006 to present (and for Lomascolo, for the period from November 2004 to present).  Since the settlement of this matter was reached in March 2009, Lomascolo and a few of the opt-in Plaintiffs, on a pro se basis, have submitted documents to the Court to express unhappiness with the settlement.  None of these objections undermines or even addresses the fundamental fairness of the settlement of this FLSA lawsuit, betraying these Plaintiffs' fundamental misunderstanding of the FLSA and indeed of legal process.  All express a desire to be termed "employees" rather than independent contractors or to gain rights not available under the FLSA.  Objections refer often to state law claims for unemployment or workers' compensation benefits, while others seek tax status changes.  None of these issues are before the Court in Lomascolo.

---

Magistrate Judge Anderson's approval of the parties' bilateral consent to the pre-Settlement withdrawal of those prior Plaintiffs' claims has no bearing on the pending Motion.  Those opt-in Plaintiffs opted-in out of the settlement in a timely fashion under its terms, without objecting to the settlement or otherwise agreeing to continued participation.  They made no indication that their withdrawal was simply the prelude to the filing of a wholly duplicative proceeding to this one.

The Court should deny the Motion for dismissal without prejudice, and reject the opt-out efforts at this post-settlement, post-approval juncture. Litigants cannot file suit, engage in costly adversarial litigation, settle and then begin anew, especially in a collective action. Preventing excessive and redundant proceedings is consistent with the federal courts' "interest . . . in managing collective actions in an orderly fashion." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 173 (U.S. 1989); Choimbol v. Fairfield Resorts, Inc., 475 F. Supp. 2d 557, 564 (E.D. Va. 2006)(citing Hoffmann for the proposition that "the purpose of collective actions is to serve judicial interests through resolution of a single proceeding of claims rooted in common issues of law and fact"). That purpose was achieved in this case through the collective action certification opt-in process, by which potential claimants had due notice of the precise and limited nature of this suit, access to the Complaint, an opportunity to present objections to Magistrate Anderson and settlement of this lawsuit. Plaintiff cannot now engage in conduct antithetical to that orderly collective action process. Furthermore, as discussed below, should Lomascolo and the Movants seek to re-litigate their FLSA claims addressed in this case in a new lawsuit, they will be liable, pursuant to Fed. R. Civ. P. 41(d), for Defendants' costs and legal fees incurred in this action.

Lomascolo seeks, through a variety of post-settlement submissions to the Court, to abuse the Court's orderly process by withdrawing from the collective action lawsuit he personally initiated, litigated and settled. This Motion is untimely, foolhardy, deficient, and its very filing is prejudicial to Defendants – it should be denied and the opt-out Requests should be rejected (as they have been by Defendants). Consistent with denial of this Motion, the settlement in this matter should be approved, the "opt-out" forms rejected, and the FLSA claims of all Plaintiffs should be dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

This collective action conditionally was certified pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), by Order dated December 17, 2008.  *See* Docket Entry 129. Pursuant to that Order, Plaintiff was permitted to send Court-approved Notice to approximately 2,200 inspectors who have performed inspections for Defendant ALLTECH to advise those potential claimants of their legal rights and obligations with respect to this lawsuit.  The notice defined clearly the case-handling protocol and the overtime claim at issue.  Of the almost 2,200 inspectors, few (approximately 70) inspectors opted to join the collective action (the "Opt-in Plaintiffs", collectively with Lomascolo, "Plaintiffs") to have their FLSA claims adjudicated. The rest elected not to do so.

On or about March 10, 2009, counsel for Defendants and counsel for Plaintiffs negotiated a settlement of this matter.  Counsel for the parties jointly notified the Court of this settlement on March 11, 2009.  Thereafter, the parties reduced the non-monetary terms of the settlement to writing.   On April 6, 2009, Lomascolo signed the settlement agreement (the "Settlement Agreement") in behalf of himself and all opt-in Plaintiffs, reflecting the terms of the settlement negotiated by the parties.  See Docket Entry 162 at Exhibit 1.  On April 24, 2009, the parties filed a joint stipulation of settlement and motion for approval, incorporating the Settlement Agreement.  See Docket Entries 161, 161-2.

Weeks thereafter, although still represented by counsel, Lomascolo inexplicably filed a pro se objection to the Settlement Agreement on April 27, 2009.  (Docket Entry 165). Robert Evans ("Evans"), a former inspector who was not a party to this lawsuit, also submitted an objection to the Court, claiming he was denied the opportunity to participate.  (Docket Entry

164).[3]   On May 5, 2009 Defendants submitted a "RESPONSE TO LETTER OBJECTIONS SUBMITTED BY NAMED PLAINTIFF LOMASCOLO AND BY ROBERT EVANS" (Docket Entry 166), responding to Lomascolo and Evans' objections.   The parties appeared before Magistrate Judge Anderson to address the fairness of the proposed settlement, including the issues discussed in that Response.   See Order of Magistrate Judge Anderson, dated May 8, 2009 (the "May 8 Order").   In the May 8 Order, Magistrate Judge Anderson directed Plaintiffs' counsel to provide a copy of the executed Settlement Agreement to all Opt-in Plaintiffs and to furnish the schedule of individual settlement benefits to be paid to those Plaintiffs, as well as Plaintiffs' counsels' attorney's fees and costs.   Id.   The Order provided a deadline by which objections were due (June 10, 2009), and a deadline by which Defendants could respond to those Objections (June 17, 2009).   Id.

During the window for objection created by the May 8th Order, the Court received letter objections submitted by opt-in Plaintiffs Bobby Hitchcock ("Hitchcock"), Kurt Armbrust ("Armbrust"), Ethan Marlatt ("Marlatt"), Ben Ryan ("Ryan") and Richard Coe ("Coe"), as well as additional submissions submitted by Lomascolo, Robert Evans and opt-in Plaintiff Everett Sharp (who had appeared with named Plaintiff Lomascolo before the Court in person on May 8).[4]   See Docket Entries 177; 184-187; 189-190; 192-193.[5]   In response to these objections,

---

[3] By agreement of the parties, Mr. Evans was granted the right to opt-in after the case already settled.  He then objected to that settlement, even though it already existed at the time he insisted upon joining the case.  He now seeks leave to withdraw.  His objections and request to withdraw all are spurious, belie his knowledge thereof at the time of joining the suit and should be denied.

[4] The objections of Everett Sharp and Coe (Docket Entries 192 and 193) were submitted to the Court after the June 10, 2009 deadline for such submissions contained in the Order.  Defendants objected to them on that basis.  See May 8 Order (Any objections must be **received by the court** . . . by 5:00 p.m. on June 10, 2009")(emphasis in original). Stevens v. Safeway, Inc., 2008 U.S. Dist. LEXIS 17119 (C.D. Cal. Feb. 25, 2008)(considering only timely objections to FLSA settlement involving 4000+ eligible plaintiffs); see also Romero v. Producers Dairy Foods, Inc., 2007 U.S. Dist. LEXIS 86270 (E.D. Cal. Nov. 13, 2007)(remarking in granting final approval to FLSA settlement that "as of the objection filing deadline, counsel for the parties are not aware of any objections").

Defendants filed their "BRIEF IN RESPONSE TO LETTER OBJECTIONS TO SETTLEMENT AND IN FURTHER SUPPORT OF JOINT REQUEST FOR APPROVAL OF THE SETTLEMENT" (see Docket Entry 195).  A hearing was held before Magistrate Judge Anderson on Jun 19, 2009 to address these objections and Defendants' response.

Following that hearing, Magistrate Anderson issued the June 23, 2009 Order, which recommended approval of the Settlement Agreement and addressed the objections of the eight Plaintiffs who objected to the Settlement Agreement.[6]  June 23 Order at pp. 6-12; 22-27.  As Magistrate Anderson correctly observed, the eight Plaintiffs' "objections raised . . . focused primarily on a desire to obtain a determination that they are 'employees' under the FLSA for reasons other than the payment of overtime wages, and are not necessarily objections to the terms in the proposed Settlement Agreement itself."  Id. p. 24.  The Court also observed that "the vast majority of Plaintiffs are in favor of the Settlement Agreement."  Id.  The favorable reception by the "vast majority" – and the ultimate determination that the Settlement is fair and reasonable – was based on the settlement formula, which allotted 1.4 hours to each inspection performed for the purposes of calculating damages, even though each Plaintiff signed Task Orders indicating that (a) an inspection would take no more than one hour , (b) Plaintiffs were to

_____

[5] Docket Entry 187, while apparently provided to the Court on or about May 1, 2009, was not entered by the Clerk's office until June 11, 2009.

[6] Of those eight objecting Plaintiffs, six have now sought to withdrawn from this lawsuit: Everett Sharp, Richard Coe, Robert Evans, Ben Ryan, Robert Hitchcock and Lomascolo.  Three Plaintiffs who did not object have also sought to withdraw: Joy Sharp, Kassandra Evans and Thomas Cavnar.  The Motion, in its first incarnation, sought leave to withdraw without prejudice in behalf of Lomascolo, Everett Sharp, Joy Sharp, Thomas Cavnar, Robert Evans, and Robert Hitchcock.  Because Kassandra Evans, Ben Ryan and Richard Coe made their original requests pro se, they did not indicate whether the withdrawal they seek is with or without prejudice.  Defendants assume they seek the same inappropriate relief as sought by the Motion.  The amended Motion now before the Court appears to seek the relief sought by Lomascolo (dismissal without prejudice) in behalf of all nine Plaintiffs.  Due to the brevity of the Motion, ambiguity persists as to the scope of the relief requested by these nine Plaintiffs.

make their own record of time spent on each inspection (which none did); and, (c) requiring ALLTECH's authorization before an inspector could conduct an inspection that would take over one hour, inclusive of travel, documentation, conferring with the applicant for FEMA benefits, etc. (only one did, once).  Id. p. 26.

Since issuance of the June 23 Order, Lomascolo and eight other Plaintiffs have filed post-approval documents with the Court seeking to withdraw from this lawsuit, through both the Motion and their various pro se Requests.  See fn. 6.  Of the eight Requests (apart from the Motion), three indicate only that they are unsatisfied with their legal representation and the ultimate settlement (Kassandra Evans, Robert Evans, Richard Coe); two contain no substantive objection whatsoever (the objections/opt-out notices of Joy Sharp, Thomas Cavnar); and, three contain objections to the settlement (Ben Ryan, Everett Sharp (twice)).[7]

These objections share the infirmities of the previously-submitted objections already addressed by Magistrate Anderson's June 23 Order: they all seek relief outside the scope of this lawsuit, and provide no factual basis to assail the fairness of the settlement beyond ad hominem, unfounded attacks on Plaintiffs' counsel.  They are no different in substance from earlier objections already urged by these same opt-in Plaintiffs and rejected by Magistrate Anderson.  The misguided and unfounded nature of these continued objections was made clear by the appearances and statements of Lomascolo and Everett Sharp at the June 19, 2009 hearing before Magistrate Anderson:

> THE COURT: Part of what I think you and some of your colleagues may not completely understand is that the only claim that is currently before this Court is for a violation of the Fair Labor Standards Act. And the only relief that is sought

---

[7] Defendants note that Mr. Ryan's objection addresses the underlying settlement, not the June 23 Order.  As such, it is an untimely objection to the settlement.  See May 8 Order; see also fn. 2.

8

in this case, and the case that you are referring to there, and that only count that is remaining is for overtime wages.

MR. SHARP: And how did we come about-- I hate to be ignorant to the Court, but it seems to me that Mr. Kinnan has been all along telling us that we're going to be employees, that this was about just determining our status and then determining how much money overtime should be.

\* \* \* \* \* \* \* \*

MR. LOMASCOLO: I submitted documentation from the IRS pertaining to our employee status. And, you know, I just wanted to make light that we were determined employees by the IRS and the State of Pennsylvania. As long-- I am sorry.

THE COURT: And I, you know, and I understand that and think you probably now understand if not before coming here today --

MR. LOMASCOLO: A little bit better.

THE COURT: -- that, you know, whatever, if in fact the Court, the District Judge does accept the settlement agreement, that that's not going to have any effect one way or the other on those earlier determinations. That is, that issue is still in play as if this lawsuit had really never been filed.

Transcript of June 19 Hearing at pp. 39-40 and 64-65.  Indeed, Mr. Sharp, among the most vocal objectors to the Settlement, conceded that his continued objections, and the objections of the other handful of Plaintiffs, are based on this erroneous understanding.  Id. at p. 41 ("I think the other plaintiffs are all confused because they have been using the wrong documents and, therefore, thinking that their outcome is going to be different").

## I.      PROCEDURAL STANCE AND DEFICIENCY OF PLAINTIFF'S MOTION

### A.      Plaintiff's Motion Is As A Motion for Voluntary Dismissal Upon Court Order Absent Consent of the Defendant Under Fed. R. Civ. P. 41(a)(2)

Plaintiff's Motion indicates that it seeks dismissal "pursuant to Fed. R. Civ. P. 41(2)."[8]  Rule 41 provides three mechanisms for dismissal: only one applies here.  Rule 41(a)(1)

---

[8] Plaintiff mis-cites the apparently intended provision, Fed. R. Civ. P. 41(a)(2).  Subpart (a) is the only section dealing with the situation at bar.  The belated Requests to opt-out, filed separate and apart from the Motion, do not identify the procedural basis for the relief sought, while wrongly and belatedly seeking dismissal from this action. They, too, are governed by Fed. R. Civ. P. 41(a)(2).  See generally White v. Hertz, 2008 U.S. Dist. LEXIS 62307, 4-5 (S.D. Ill. Aug. 14, 2008)(construing motion alleging failure to state a claim to have been brought under Fed. R. Civ. P. 12(b)(6) despite defendant's failure to identify relevant procedural rule); Medina v. Horseshoe Entm't, 2006 U.S. Dist. LEXIS 49137 (W.D. La. July 19, 2006)(construing motion to strike which failed to identify procedural

permits voluntary dismissal upon stipulation of all parties or unilaterally before an Answer is filed.   However, where, as here, Defendant refused to stipulate to dismissal without prejudice (and indeed vigorously opposes such dismissal), and already has served their Answer, dismissal is available "only by court order, on terms that the court considers proper."   Fed. R. Civ. P. 41(a)(2).   The Court should deny the belated, unfounded Motion, which is a step to the filing of a redundant and spurious second suit making identical allegations.   Fed. R. Civ. P. 41(d).

**B.**   **Plaintiff's Motion Contains Numerous Deficiencies and Should Be Denied On That Basis**

This Court's Rules require that all motions "state with particularity the grounds therefor."   Local Rule 7(A); see also Fed. R. Civ. P. 7(b)(1)(B)(motions must "state with particularity the grounds for seeking the order").   Consistent with these requirements, the Local Rules require motions to be accompanied by "a written brief setting forth a concise statement of the facts and supporting reasons, *along with a citation of the authorities upon which the movant relies*."   Id. L.R. 7(F)(1)(emphasis added).   See, e.g., Kirby v. Richmond Redevelopment & Hous. Auth., 2005 U.S. Dist. LEXIS 43547, 36-37 (E.D. Va. Sept. 13, 2005)(failure to provide support in violation of Rule 7(F) deprived Court of factual predicate to assess motion and, consequently, the motion was denied); Seifert v. Dominick's Finer Foods, Inc., 2009 U.S. App. LEXIS 10740 (7th Cir. Ill. Mar. 13, 2009)("a motion that does not even articulate a single argument . . . is insufficient [under FRCP 7(b)(1)(B)]").

---

rule).   Finally, it should be noted that under subpart (d) of this rule, "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . *may order the plaintiff to pay all or part of the costs of that previous action*."   Fed. R. Civ. P. 41(d)(emphasis added).

Here, Named Plaintiff Lomascolo and his fellow movants have failed to cite authority in support of their untimely request to "opt out of this litigation" after they elected to opt-in to the overtime pay case they now seek to abandon (and apparently to start anew soon thereafter).  (<u>See</u> Docket Entry 204); <u>also</u> <u>see</u> Docket Entry 205, Letter of Everett Sharp ("I will not be part of a one sided settlement. I wish to leave my options open *so I may pursue this matter again*")(emphasis added).  Likewise, Named Plaintiff Lomascolo and his fellow movants failed to provide this Court with "facts and supporting reasons" to justify dismissal without prejudice.  Therefore, as a matter of law their motion should be denied and the settlement should be enforced.

## II.   <u>NAMED PLAINTIFF AND THE OPT-IN PLAINTIFFS ARE BOUND BY THE SETTLEMENT AGREEMENT AND THEIR RESPECTIVE CONSENTS TO SUE IN THIS ACTION</u>

As set forth in earlier briefing, specifically Defendants' "RESPONSE TO LETTER OBJECTIONS SUBMITTED BY NAMED PLAINTIFF LOMASCOLO AND BY ROBERT EVANS" (Docket Entry 166), Lomascolo is bound as the signatory to the settlement agreement in this matter.  [Docket Entry 162-2].  By its own duly executed terms, the Settlement Agreement is to be "in all respects...interpreted, enforced and governed by and under the laws of the Commonwealth of Virginia...to create a full and complete settlement and waiver of claims."  <u>Id</u>. ¶ 8.8.  The Settlement Agreement creates a straightforward contract, wherein Lomascolo agrees to this waiver of overtime pay and wage claims in exchange for the consideration discussed in Section 2 of the Settlement Agreement.  The Settlement Agreement is binding and enforceable under the laws of Virginia and of this Circuit.  Consequently, this lawsuit should be dismissed <u>with</u> prejudice, and the Motion should be denied.  <u>See</u>, <u>e.g.</u>, <u>Bacon v. City of</u>

Richmond, 475 F.3d 633, 644 (4th Cir. Va. 2007)("As any contract, settlement agreements are generally enforceable against any signatory . . . Thus the settlement terms ultimately reached by plaintiffs and [Defendant] as a result of arms-length negotiation are obligations on the part of the [Defendant]").

The terms of the settlement agreement are readily ascertainable: they were reduced to writing following arms length negotiations and discussions between the parties and signed by Named Plaintiff Lomascolo.  Hensley v. Alcon Labs., 277 F.3d 535, 540-541 (4th Cir. W. Va. 2002).  Lomascolo's post-execution objections and Motion provide no basis for declining to enforce the Settlement Agreement, beyond voicing his apparent displeasure that this District Court did not adjudicate claims not before it (e.g., employee status under the Internal Revenue Code or a state's unemployment compensation law).  As the Fourth Circuit and the Supreme Court of Virginia both have ruled, "second thoughts" do not provide a basis for setting aside an otherwise valid settlement agreement, like the agreement duly signed by Lomascolo.[9] Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 298 (4th Cir. Va. 2000); Young v. FDIC, 103 F.3d 1180, 1194 (4th Cir. S.C. 1997); Snyder-Falkinham v. Stockburger, 249 Va. 376, 381 (1985)("Once a competent party makes a settlement and acts affirmatively to enter into such settlement, [his] second thoughts at a later time upon the wisdom of the settlement do not constitute good cause for setting it aside"); see also Parker v. N.C. Agr. Finance Authority, 341 B.R. 547, 554 (E.D. Va. 2006) citing Stockburger, 249 Va. at 385.

---

[9] It should be noted that even under the more flexible (but wholly inapplicable) standard for revoking waiver of age discrimination claims, the Older Worker Benefits Protection Act ("OWBPA"), 29 U.S.C. §§ 621, 623, 626, and 630, provides a seven-day "window" to revoke a signed waiver of claims that would have closed in this instance.  The seven-day period for revocation provided by the OWBPA for age discrimination claims (none of which was asserted in this case and none of which is waived by this release of wage claims), arguably the greatest level of protection afforded by any federal employment statute with respect to a plaintiff's review and revocation of his own decision to waive claims, would have expired weeks prior to Lomascolo's so-called "Objection."

Furthermore, any Plaintiff who opted-in to join this lawsuit and did not opt-out within the Court-supervised window for doing so[10] cannot now opt-out without prejudice via the Motion or any other mechanism.  None has indicated the intent to file another lawsuit.  Doing so would violate the terms of the consent to sue, the Settlement Agreement, the Court-supervised settlement process and the purpose behind the collective action mechanism as articulated in Hoffmann.  Consequently, all Plaintiffs are bound by the settlement in this case.

Having chosen to object to the settlement, Named Plaintiff Lomascolo and Plaintiffs Everett Sharp, Richard Coe, Robert Evans, Ben Ryan and Robert Hitchcock now seek yet another bite at the apple by moving to withdraw in the wake of Magistrate Judge Anderson's finding that the settlement is fair and reasonable. (See Docket Entry 197).  They cannot do so.

The procedural conduct of Plaintiff Robert Evans best exemplifies this ongoing abuse of process.  As set forth previously, Mr. Evans did not opt in prior to the Court-ordered March 1, 2009 deadline.  (See Docket Entries 150 - 155 and 158).  After failing to opt-in in a timely manner, Plaintiff Evans objected to being excluded from participation. (See Docket Entry 164).  Long after the parties reached their settlement, he was permitted to participate upon mutual stipulation.  (See Docket Entry 180).  He did so with access to the precise nature of the claim and the terms of its settlement.  Yet, Evans inexplicably filed objections to the already existing settlement.  (See Docket Entry 189).  Since his objections were deemed groundless, Mr.

---

[10] Defendants note that this supplemental "opt out" window was itself contrary to the language of the consent form in this collective action and governing principles of contract law. (See Docket Entry 151-2); Gilbert v. Citigroup, Inc., 2009 U.S. Dist. LEXIS 18981 (N.D. Cal. Feb. 18, 2009)(granting Defendant's request that notice of FLSA lawsuit inform putative class members that "Plaintiff will have the right to make decisions on behalf of the opt-in Plaintiff concerning the litigation, and that those decisions are generally binding"); Albritton v. Cagle's Inc., 508 F.3d 1012, 1018 (11th Cir. Ga. 2007)(Courts "must interpret [FLSA] consent forms according to the plain meaning of their language). Yet, opt-in Plaintiffs who expressed earlier their desire not to participate and did so pre-settlement, were allowed to voluntarily dismiss their claims.  None did so after the settlement was finalized, much less after the objection process was complete and the settlement approved as fair by Magistrate Anderson.

13

Evans now seeks to withdraw without prejudice, apparently to file yet another suit.[11]   (See Docket Entry 204).  Granting Mr. Evans' request would reward his dilatory and abusive conduct and permit him to engage in forum shopping in the hope he will maximize the return on his overtime claims.

The recent California Court of Appeals decision in <u>Chindarah v. Pick Up Stix, Inc.</u> is instructive and supports denial of the Motion and rejection of the opt-outs and objections. 171 Cal. App. 4th 796, 803 (Cal. App. 4th Dist. 2009).  In <u>Chindarah</u>, plaintiffs in a wage and hour dispute (including named plaintiff Chindarah) unsuccessfully sought to invalidate their release agreements and the negotiated settlement of their dispute.  <u>Id</u>. at 799.  Plaintiffs sought to invalidate their releases and proceed with a lawsuit.  The Court held:

> The releases here settled a dispute over whether [Defendant] had violated wage and hour laws in the past; they did not purport to exonerate it from future violations.   Neither did the releases condition the payment of wages concededly due on their executions.  The trial court correctly found the releases barred the Chindarah plaintiffs from proceeding with the lawsuit against [Defendant].

<u>Id</u>.   As in <u>Chindarah</u>, the Settlement Agreement and the Amended Stipulation explicitly announce the precise nature of the settlement and absence of any prospective waiver or a general release.  Hence, the Settlement Agreement and Amended Stipulation should be enforced.

---

[11] Plaintiff Richard Coe similarly was permitted to participate in the settlement after the Court-ordered deadline.  He, too, now seeks to withdraw.  Like Mr. Evans, his dissatisfaction is groundless and was waived by joining an already settled case where the terms of the settlement did not change and the Amended Stipulation of Dismissal made it clear that Plaintiffs were not forfeiting state law, tax or other claims beyond overtime and wage issues for the period covered by the suit.

## III.   THE MOTION MUST BE DENIED UNDER RULE 41 BECAUSE IT IS PREJUDICIAL TO DEFENDANTS

### A.   Standard for Dismissal

The grant or denial of a motion to dismiss under Fed. R. Civ. P. 41(a)(2) is "a matter for the discretion of the district court" and should be undertaken to avoid prejudice to Defendants.  Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. S.C. 1987).  When considering a motion to dismiss without prejudice after discovery was conducted and a motion for dismissal could be filed, "a district court must focus primarily on protecting the interests of the defendant, and the court may deny the motion if the defendant would be unfairly prejudiced."  Skinner v. First Am. Bank, 1995 U.S. App. LEXIS 24237 (4th Cir. Va. Aug. 28, 1995)(emphasis added) citing Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986).  Avoiding prejudice to Defendants mandates denial of the Motion and rejection of the opt-outs (or dismissal with prejudice).  Since Plaintiffs wish to begin a new suit after settling this one, prejudice is palpable.

### B.   Belated Dismissal Without Prejudice Would Cause Extreme Prejudice to Defendants

The prejudice to Defendants which would follow from the granting of Plaintiff's Motion is painfully obvious.  Having litigated this lawsuit, including the filing of an Answer, extensive motion practice, notice to a collective group of over 2,100 inspectors, and settlement negotiations culminating in the agreement to pay over $250,000.00, Named Plaintiff and his band of movants or purported opt-outs now propose to withdraw from this proceeding with their claims intact (and no doubt, to file an identical suit).  Such a result is unconscionable and punishable by Fed. R. Civ. P. 41(d).  Consequently, the Motion should be denied, as it was in Howard v. Inova Health Care Servs., 302 Fed. Appx. 166, 179-180 (4th Cir. Va. 2008), where

plaintiff's motion for voluntary dismissal without prejudice was denied where the case was at an advanced stage and defendant had incurred significant litigation expenses.  Like the plaintiff in Howard, Lomascolo and his fellow moving Plaintiffs seek to cause Defendants again to spend significant resources to defend the same claim—not whether they are "employees", but whether they should receive overtime pay and, if so, the amount thereof.  That already was done—in this case!  For similar reasons, in Howard, the Fourth Circuit held:

> In deciding a motion to dismiss without prejudice under Rule 41(a), a district court should consider factors such as the opposing party's effort and expense . . . excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation.

Id; (internal quotations removed)(relying on Miller v. Terramite Corp., 114 Fed. Appx. 536, 540 (4th Cir. 2004) (affirming denial of plaintiff's motion for voluntary dismissal as "untimely and would waste judicial resources" because the motion was filed when dispositive order was imminent)); see also Skinner v. First Am. Bank, 64 F.3d 659, *2-3 (4th Cir. 1995) (denying a motion to dismiss by a plaintiff filed after the close of discovery seeking to "avoid an adverse ruling in federal court").

This case has been litigated for 21 months.  On November 7, 2007, this case was initially filed in the U.S. District Court for the Central District of California.  Upon Defendants' Motion to transfer due to improper venue, or forum non conveniens, this matter was transferred to this Court in March 2008.  The parties engaged in extensive motion practice as to whether a collective action should be certified and once it was, the content of the notice of suit to present to potential opt-in claimants.  Discovery was conducted before the parties finally reached a settlement in March 2009.  Named Plaintiff signed the Settlement Agreement that granted the relief sought in the Complaint, allegedly unpaid overtime monies.  (See Docket No. 162-2).  The

16

parties then engaged in extensive briefing regarding the fairness of the settlement.  Named Plaintiff Lomascolo and the other movants all were provided an opportunity to be heard regarding the proposed settlement.  None chose to opt out at that time, either prior to the May 8th hearing and or prior to the June 19th hearing.  None sought dismissal pursuant to Rule 41(a).  Only after Magistrate Judge Anderson issued his Proposed Findings of Fact and Recommendations (Docket No. 197), recommending enforcement of the Settlement Agreement and the Amended Stipulation, did Named Plaintiff Lomascolo and the other movants seek to withdraw _without_ prejudice.  Given the advanced stage of this case, if Named Plaintiff and the other movants wish to withdraw from this lawsuit via Rule 41, such a dismissal must be _with prejudice_.[12]

## IV.   **A SUBSEQUENT LAWSUIT BASED ON THE SAME CONDUCT AT ISSUE IN THIS CASE EXPOSES NAMED PLAINTIFF & MOVANTS TO LIABILITY FOR THE COST OF THIS ACTION, INCLUDING DEFENDANTS' ATTORNEYS FEES, AND ALSO REDUCES THEIR POTENTIAL RECOVERY UNDER THE FLSA**

In addition to the prejudice to Defendants discussed _supra_, the Motion, if granted, also would prejudice Plaintiff and the movants, by both reducing their potential recovery under the FLSA and exposing them to new liability.

### A.   **Rule 41 Authorizes Defendants To Recover the Costs of This Action In Any Subsequent Proceeding Filed by Plaintiffs Under the FLSA**

As noted _supra_, Fed. R. Civ. P. 41(d) creates a significant disincentive for the dismissal of actions under Rule 41 which are simply followed by subsequent filing of lawsuits seeking the same relief: namely, the obligation of the party engaging in such conduct to pay the litigation costs associated with the first action.  These costs "may include all litigation-related

---

[12] It should further be noted that running of the statute of limitation would resume with respect to any Plaintiff who the Court enables to dismiss voluntarily his or her claims.  Claims for inspections performed which were timely as of a given Plaintiff's opt-in date in this lawsuit are likely to be barred in a subsequent proceeding.

expenses incurred by the defendant, including reasonable attorneys' fees." Carolina Cas. Ins. Co. v. Bogin, Munns & Munns, P.A., 2008 U.S. Dist. LEXIS 50900 (M.D. Fla. June 13, 2008), citing McCants v. Ford Motor Co., 781 F.2d 855, 860 (11th Cir. 1986). One Court in the Fourth Circuit has held an FLSA Plaintiff liable in a similar situation. See Duncan v. Phoenix Supported Living, Inc., 2006 U.S. Dist. LEXIS 66742 at * 6 (W.D.N.C. Sept. 12, 2006). In Duncan, one of the four original named Plaintiffs in the putative collective action frustrated the discovery process and was dismissed as a named Plaintiff as a sanction. Id. at * 2-6. The Court barred him from filing a consent to sue to re-join the case until the "determination and payment of defendants' actual costs" under Rule 41. Id. at * 6. In this Circuit, it is clear "that a court should impose a condition for the plaintiff to pay a portion of the defendant's taxable costs 'as a matter of course in most cases' involving voluntary dismissal." Christian Broad. Network, Inc. v. Busch, 2007 U.S. Dist. LEXIS 9808 at * 5 (E.D. Va. Feb. 13, 2007) quoting USX Corp., 819 F.2d at 1276.

Plaintiffs have on multiple occasions cited their limited resources. See Docket Entry 193 ("we are all in serious financial distress"). Indeed, their original fee agreement in this matter was a contingency arrangement, as is customary in such cases. Their inappropriate conduct, and highly reckless proposed course of action should the Motion be granted, now exposes them to liability far greater than the actual – or theoretical! – recovery available in this or any FLSA lawsuit. If they cannot pay those costs and fees, they cannot commence (and should not be allowed to commence) another action!

**B.    Dismissal of This Action Will Most Likely Shorten the Statute of Limitations Applicable to Plaintiff & the Movants' FLSA Claims In Any Subsequent Action**

As repeatedly explained to Plaintiff and the movants in previous submissions to the Court in this matter, the statute of limitation for FLSA claims is two years, and extends to three years only in the case of willful violations.  The limitation period is measured from the date an FLSA Plaintiff files his Consent to Sue with the Court.

The implications of this statute of limitation paradigm for the Plaintiffs seeking withdrawal are best exemplified by Plaintiffs Kassandra Evans and Ben Ryan.  Ms. Evans and Mr. Ryan last worked for ALLTECH on July 19, 2006 and July 22, 2006, respectively.  Even if they immediately commence a new lawsuit under the FLSA, and are successful in arguing for an extension of the statute of limitations from two to three years based on willfulness (as Plaintiffs have failed to do in this case), their claims in a new lawsuit *will be time barred in their entirety* unless they are entitled to tolling for the period of their participation in this lawsuit.  Thus, this FLSA lawsuit likely represents their only opportunity for *any* recovery of overtime wages under the FLSA.  Mystifyingly, they seek to withdraw from it anyway.

Other Plaintiffs seeking to withdraw may have some portion of the FLSA limitation period remaining in a new proceeding, whether utilizing a two or three-year statute of limitation, but their claims too, will shrink greatly.  For example, Mr. Sharp last performed work for ALLTECH on July 10, 2008.  Based on his opt-in date of February 25, 2009, he is entitled to overtime under the settlement formula from February 25, 2006 through July 10, 2008 (thanks to the settlement formula's inclusion of a third year of overtime).  This is a period of 123.8 weeks.  If this lawsuit is dismissed as to Mr. Sharp with his opt in void *ab initio*, and he commences a new lawsuit for overtime on, for example, September 1, 2009, he can seek overtime pay for the

19

period from September 1, 2006 through July 10, 2008, only 96.9 weeks.  Even if his dismissal is

without prejudice *nunc pro tunc*, he will be entitled only to tolling between the date of his opting

in to this suit and the date of dismissal.  In any event, he will lose part of his claim because of the

FLSA statute of limitations, depending on the workweeks in which he actually performed

services for ALLTECH.

**V.    NAMED PLAINTIFF'S & THE MOVANTS CONDUCT IN FILING THE MOTION IS SANCTIONABLE UNDER THE COURT'S INHERENT POWER**

Sanctions are appropriate when a party needlessly forces duplicative proceedings.

Independent Fire Ins. Co. v. Lea, 979 F.2d 377, 378 (5th Cir. 1992) (upholding sanctions against

represented plaintiff actively involved in the litigation).  Defendants have responded to the

Complaint, to Plaintiffs' settlement demands and then to their post-settlement objections.

Plaintiffs did not prevail at any juncture – now they seek the ability to commence a duplicative

proceeding.  This Court has the inherent power to prevent that misuse of the Court's processes

and to impose sanctions to regulate Plaintiffs' conduct.  As enunciated by the Fourth Circuit in In

re Weiss, 111 F.3d 1159, 1171 (4th Cir. 1997),

> A federal court also possesses the inherent power to regulate
> litigants' behavior and to sanction litigants' for bad-faith conduct.
>                        * * *
> A court may invoke its inherent power in conjunction with, or
> instead of, other sanctioning provisions . . .

Id.  If Plaintiffs want dismissal of their claims, they should abandon them and agree to dismissal

with prejudice.  Doing so would be consistent with the ruling in Dee-K Enters. v. Heveafil SDN.

Bhd., 177 F.R.D. 351, 356 (E.D. Va. 1998), where this Court held:

> When a district court considers a motion to dismiss pursuant to
> Rule 41(a)(2), it may grant the dismissal with prejudice and
> impose certain conditions on the plaintiffs – such as payment of
> the defendant's attorney's fees – as part of the dismissal.

<u>Id</u>.  If they want an adjudication, Plaintiffs should honor the Settlement Agreement.  Anything else should not be countenanced.

## VI.     <u>CONCLUSION</u>

For all the above reasons, the Court should deny Named Plaintiff Lomascolo's and the movants' Motion; reject as untimely and procedurally unfounded the belated purported "opt-out" forms; sanction Plaintiffs for pursuing this baseless Motion and for abusing the settlement process; and, finally, approve the Settlement Agreement and Amended Stipulation.

Respectfully submitted,

**JACKSON LEWIS, LLP**

By:____/s/_____
Theresa Burke Wright, (VSB No. 30770)
Andrew S. Cabana, (VSB No. 48151)
Kara M. Ariail (VSB No. 46817)
10701 Parkridge Boulevard, Suite 300
Reston, VA 20191
(703) 483-8300 – Telephone
(703) 483-8301 – Facsimile
cabanaa@jacksonlewis.com
wrightt@jacksonlewis.com
ariailk@jacksonlewis.com
*Attorneys for Defendants*
*PARSONS BRINCKERHOFF INC., and ALLTECH, INC.*

-and-

By:____/s/_____
Paul J. Siegel (admitted *pro hac vice*)
Wendy J. Mellk (admitted *pro hac vice*)
Jackson Lewis LLP
58 South Service Road, Suite 410
Melville, NY  11747
(631) 247-0404 – Telephone
(631) 247-0417 – Facsimile
siegelp@jacksonlewis.com
mellkw@jacksonlewis.com
*Attorneys for Defendants*
*PARSONS BRINCKERHOFF INC., and ALLTECH, INC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on July 17, 2009, a copy of the foregoing Defendants' Memorandum In Opposition To Plaintiff's Motion Requesting Voluntary Dismissal By Certain Plaintiffs was filed with the court by electronic means; opposing parties and the court were served consistently with the instructions therein.


By:____/s/_____
       Andrew S. Cabana, (VSB No. 48151)
       **JACKSON LEWIS LLP**
       10701 Parkridge Boulevard
       Suite 300
       Reston, VA 20191
       (703) 483-8300 – Telephone
       (703) 483-8301 – Facsimile
       cabanaa@jacksonlewis.com
       *Attorney for Defendants*
       *PARSONS BRINCKERHOFF INC., and*
       *ALLTECH, INC.*